IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NWAKUCHE UG,<br><br>    Plaintiff,<br><br>    v.<br><br>MORTGAGE LENDER SERVICES, et al.,<br><br>    Defendants.<br>_____/ | No. C 10-01452 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS** |

Defendants' motion to dismiss and plaintiff's motion to remand are currently set for hearing on June 4, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

Plaintiff Nwakuche Ug filed this action in December 2009 in the Contra Costa County Superior Court, alleging three federal causes of action and numerous state law causes of action in connection with a mortgage loan obtained for his property in Walnut Creek, California. Plaintiff filed his First Amended Complaint ("FAC") in state court in March 2010, and the action was subsequently removed to this Court. In the FAC, plaintiff claims that defendants engaged in a predatory lending scheme in which they "market[ed] and extend[ed] adjustable-rate mortgage ("ARM") products to Plaintiff in an unsafe and unsound manner that greatly increased the risk that Plaintiff would default on the loan." FAC ¶ 13. Plaintiff alleges that, before he signed the loan, defendants falsely represented the interest rate and monthly payments for the loan, falsely stated that his monthly payments would also cover property taxes

and insurance, falsified the appraisal value of the home, induced him to execute loan documents with terms different from what they promised verbally, and forged certain documents. *Id.* ¶¶ 15, 16, 21. Plaintiff also claims that defendants illegally assigned the loan and committed "loan servicing fraud" by changing the variable rate, charging for "temporary insurance coverage" and other fees, and failing to pay property taxes as they had previously represented they would do. *Id.* ¶¶ 20, 29.

Defendants instituted foreclosure proceedings after plaintiff defaulted on his loan. In this action, plaintiff claims that the foreclosure is invalid and seeks declaratory and injunctive relief, an accounting, cancellation of the foreclosure sale and reinstatement of his title to the property, compensatory and punitive damages, and attorneys' fees and costs of suit. Presently before the Court are plaintiff's motion to remand and the motion to dismiss filed by defendants Countywide Home Loans Servicing, L.P., Country Home Loans, Inc., and Countrywide Financial Corporation (collectively "Countrywide").

**DISCUSSION**

**I.    Motion to Remand and Motion to Dismiss**

Plaintiff moves to remand this case back to the Contra Costa County Superior Court on the ground defendants' removal was untimely. Plaintiff originally filed suit in state court in December 2009 against multiple defendants, including Countrywide. Although the complaint alleged both federal and state claims, no defendant sought to remove the action to federal court. Countrywide filed a demurrer, and before a hearing was held on the motion, plaintiff voluntarily amended his complaint in March 2010. Apparently believing that the amended complaint raised federal claims for the first time, Countrywide filed a notice of removal on April 6, 2010. *See* Notice of Removal ¶ 9.[1] According to Countrywide, it realized three days later that the removal was untimely because plaintiff had raised federal claims in the original complaint. McTigue Decl. ¶ 3. Countrywide asked plaintiff to stipulate to a remand. However, the proposed stipulation would have required plaintiff to agree to waive the

---

[1] Although plaintiff's motion to remand is based on the untimeliness of Countrywide's removal in relation to the original complaint, the Court notes that the removal notice appears to have been untimely even with respect to the amended complaint. Countrywide's notice of removal states that the amended complaint was served on Countrywide on March 2, 2010. Notice of Removal ¶ 2. Countrywide did not remove the action until April 6, 2010, more than thirty days later. *See* 28 U.S.C. §1446(b) (removal must be effected within thirty days of service of complaint).

2

costs associated with the defective removal, which plaintiff could otherwise seek to recover in connection with a motion to remand. *See* 28 U.S.C. § 1447(c) (an order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). Plaintiff refused to file the stipulation and instead filed a motion to remand on May 6, 2010. Countrywide filed a notice of non-opposition to plaintiff's motion to remand, but opposed plaintiff's request for an award of the costs associated with the removal and remand.

Meanwhile, on April 12, 2010, just days after asking plaintiff to stipulate to a remand, Countrywide filed a motion to dismiss the complaint. Despite its prior non-opposition to the motion to remand, Countrywide changed its position after plaintiff failed to file an opposition to the motion to dismiss. Countrywide now asks the Court to waive the defect in removal and grant its motion to dismiss on the ground that plaintiff's failure to oppose the motion is a concession that his claims lack merit.

Countrywide is correct that, as a general rule, a defect in removal based solely on timing is not a jurisdictional defect, and may be waived by the plaintiff or excused by the Court in its discretion. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). In this case, however, waiver of the defect in removal is not warranted. First, although Countrywide faults plaintiff for refusing to stipulate to remand and instead moving for a Court-ordered remand, plaintiff's desire to retain the right to seek recovery of the costs of removal and remand is understandable. Furthermore, as evidenced by the exhibits submitted with the removal notice, a significant amount of motion practice has already occurred in the state court. Contrary to Countrywide's representation that it would be a waste of judicial resources for the Court to remand this action, the Court believes that the state court's familiarity with this case will speed its resolution upon remand.

Accordingly, plaintiff's unopposed motion to remand is GRANTED, and defendants' motion to dismiss the complaint is DENIED.

## II.     Motion for Costs

Plaintiff seeks an award of costs pursuant to 28 U.S.C. § 1447(c), which permits the Court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In deciding whether to order payment of costs, the Court must assess whether removal was

3

"wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). The party seeking costs need not demonstrate that the removing party acted in bad faith. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). However, "absent unusual circumstances, [costs] should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005) (reversing fee award when removal was based on case law that was only subsequently invalidated).

In this instance defendants clearly did not have an "objectively reasonable basis for removal." Their untimely removal was based on a mistake, as they now freely admit. Therefore, the Court will award plaintiff costs and reasonable attorney fees incurred as a result of the removal. Plaintiff seeks "$2,800 in attorney fees and $250 in filing, delivery and administrative costs" but provides neither itemization of the time spent and the projects on which it was spent, nor declarations attesting to same. **Plaintiff may file, on or before June 14, 2010, a declaration including the necessary information. The Court will consider the amount of reasonable costs and fees at that point**. Jurisdiction to do so is specifically retained.

## CONCLUSION

For the foregoing reasons, and for good cause shown, plaintiff's motion to remand is GRANTED, defendants' motion to dismiss is DENIED and this action is REMANDED to Contra Costa Superior Court where it was originally filed. (Docket Nos. 5, 8).

**IT IS SO ORDERED.**

Dated: May 28, 2010

SUSAN ILLSTON
United States District Judge