IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NWAKUCHE UG, | No. C 10-01452 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AWARDING FEES AND COSTS** |
| v. | |
| MORTGAGE LENDER SERVICES, INC., et al., | |
| Defendants. | |

Defendant's motion to set aside the judgment awarding fees and costs to plaintiff is currently scheduled for oral argument on September 3, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

On May 28, 2010, the Court issued an order granting plaintiff's motion to remand this action to the Contra Costa County Superior Court, where it was originally filed, due to a concededly untimely removal by defendants Countrywide Home Loans Servicing, L.P., Countrywide Home Loans, Inc., and Countrywide Financial Corporation (collectively "Countrywide"). May 28, 2010 Order at *3 (Docket No. 30). The Court also granted plaintiff's motion for an award of $12,859, representing the attorneys' fees and costs associated with the untimely removal and motion to remand, pursuant to 28 U.S.C. § 1447(c). *Id.* at *4; June 21, 2010 Order (Docket No. 34).

Now before the Court is Countrywide's motion for relief from the order awarding fees and costs

to plaintiff, pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").

**DISCUSSION**

Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for several reasons, including for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) & (6). Countrywide argues that the Court erred in awarding costs and fees to plaintiff because, prior to filing the motion to remand, plaintiff had signed a stipulation agreeing to waive any expenses associated with the removal. In the alternative, Countrywide requests that the Court reduce the award.

Countrywide contends first that is entitled to relief because the Court granted fees and costs upon the mistaken assumption that plaintiff did not stipulate to waive these fees and costs. In its prior order, the Court stated that, after discovering its removal was untimely, "Countrywide asked plaintiff to stipulate to a remand. However, the proposed stipulation would have required plaintiff to agree to waive the costs associated with the defective removal . . . . Plaintiff refused to file the stipulation and instead filed a motion to remand on May 6, 2010." May 28, 2010 Order at *2-3. Based on a review of the documents now submitted by Countrywide, the Court finds that this characterization of the facts was not entirely correct. In fact, plaintiff's counsel signed and faxed a stipulation to counsel for Countrywide on the evening of May 5, 2010, which stated that the parties agreed to remand the case, with each side to bear its own costs and fees, and further agreed that "Defendants will have fourteen (14) days, from the date of remand, to file an answer to Plaintiff's First Amended Complaint." Stipulation, McTigue Decl. Ex. A. The next morning, defense counsel signed the stipulation and returned it to plaintiff for filing – but only after manually striking out the word "answer" and substituting the word "response." *Id.*; *see also* McTigue Decl. ¶ 8. The Court agrees with plaintiff that this was a material alteration which negated plaintiff's consent to the stipulation. Once plaintiff received notice of what essentially amounted to a counteroffer, plaintiff was free to decide not to stipulate under the terms proposed by defendant, and instead move to remand. Therefore, the Court's prior misunderstanding of the parties' exact actions does not warrant vacating the cost award in its entirety.

As stated in the Court's order granting plaintiff's motion to remand, plaintiff is entitled to receive fees and costs under 28 U.S.C. § 1447 because Countrywide lacked an objectively reasonable basis for

2

its untimely removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court agrees with Countrywide, however, that the amount previously awarded to plaintiff was excessive. "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the rule [that fees should be awarded where the removal was unreasonable] in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.* Many of the fees incurred by plaintiff after the untimely removal were the result of plaintiff's own delay and undertaking of unnecessary work.

First, although plaintiff never filed an opposition to Countrywide's motion to dismiss, he claimed 1.7 hours of attorney time for reviewing the motion, 3.5 hours for research motions to dismiss in general, and 1 hour for reviewing Countrywide's reply, for a total of 6.2 hours. *See* Egbuonu Cost Decl. at 3. In his opposition to the present motion, plaintiff asserts that his "costs would have been substantially higher had Plaintiff responded to the motion to dismiss surreptitiously filed by Countrywide." Oppo. at 5. Plaintiff does not explain, however, how the time incurred by counsel was reasonable or directly related to the removal. As Countrywide points out, counsel's efforts on the merits of the case may be reused in state court, and this time is therefore not wasted as a result of the removal. The Court will therefore subtract these 6.2 hours from the overall award.

Second, Countrywide points out that plaintiff claimed 7.1 hours for drafting, signing and faxing the parties' short stipulation to remand the case to state court, 15.4 hours for preparing the motion to remand, and 2.4 hours for preparing the declaration in support of the fee request. *See* Egbuonu Cost Decl. at 3. Countrywide asserts that a reasonably competent attorney would have spent no more than 2 hours on the tasks related to the stipulation, no more than 5 hours on the tasks related to the motion to remand, and no more than 1 hour on the fee declaration.

In assessing a fee request under 28 U.S.C. § 1447, "the court must determine whether the requested number of hours is greater than, less than or the same number of hours that reasonably competent counsel would have billed. If the requested number of hours is greater than the number of hours reasonably competent counsel would have billed, then the court should reduce the requested number of hours accordingly." *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1169 (N.D. Cal. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Court agrees with

3

Countrywide that a reasonably competent attorney would not have required more than 2 hours of time to prepare and send the short stipulation related to remand. Any additional time spent is the result of plaintiff's counsel's own delay in responding to Countrywide's offer to stipulate to remand. The Court also agrees that the time claimed for drafting the motion to remand was excessive. Prior to plaintiff's filing of the motion to remand, Countrywide had already admitted that the removal was untimely, and had identified the reason: plaintiff's original complaint, filed several months before, included a federal claim. Additionally, plaintiff's 8-page motion to remand consisted largely of a recitation of the background facts of the action, followed by large swaths of text copied and pasted from the removal statute and other legal authorities. Plaintiff's 14-page reply was primarily devoted to demonstrating Countrywide's purported bad faith, even though a showing of bad faith is not a component of a fee and cost award. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992). Much of this time was unnecessary. The Court finds that a reasonably competent attorney could have completed the tasks related to the motion to remand in 8 hours, which equals one full day of work. The Court will not, however, subtract any of the time claimed for counsel's fee declaration, as Countrywide has not shown that the 2.4 hours claimed were unreasonable.

Accordingly, the Court hereby subtracts 18.7 hours from the time previously claimed by plaintiff's counsel, leaving 17.2 hours of recoverable time. At counsel's hourly rate of $350, this amounts to $6,020. Including the costs of $294, the total award to plaintiff will be **$6,314.**

## CONCLUSION

For the foregoing reasons, and for good cause shown, defendant's motion for relief from the judgment awarding fees and costs to plaintiff is GRANTED in part and the award is reduced to $6,314. (Docket No. 35). Plaintiff's request for additional fees for the time spent in connection with this Rule 60(b) motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2010

SUSAN ILLSTON
United States District Judge

4